**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND GREENBELT DIVISION**

| | |
|---|---|
| **ROGER BANHI** | * |
| PO BOX 77003 | |
| WASHINGTON, DC 20013 | * |
| **Plaintiff** | |
| | * |
| vs. | |
| | * |
| **PAPA JOHN'S USA, INC** | |
| Serve:  The Corporation Trust Incorporated | * |
| 351 West Camden Street | |
| Baltimore, Maryland 21202 | * |
| | |
| And | * |
| | Civil Case: **12-CV-0665 RWT** |
| **COLONEL'S LIMITED, INC** | * |
| Serve: Jonathan P. Allsman | |
| 13919 Baltimore Avenue | * |
| Laurel, Maryland 20707 | |
| | * |
| And | |
| | * |
| **VICTOR PAZ** | |
| In his official and individual capacity | * |
| 20262 Lake Arbor Way | |
| Mitchellville, Maryland 20721 | * |
| | |
| And | * |
| | |
| **ULISES VISCENCIO** | * |
| In his official and individual capacity | |
| 20262 Lake Arbor Way | * |
| Mitchellville, Maryland 20721 | |
| | * |
| **Defendants'** | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

NOW COMES, Plaintiff Roger M. Banhi, by his attorneys JESSIE LYONS CRAWFORD, ESQUIRE and THE LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC, and sues the aforementioned defendants. In support of his cause of action plaintiff states:

**I. PRELIMINARY STATEMENT**

1.      This action for declaratory, injunctive, monetary and other appropriate relief is brought by plaintiff to redress intentional violations by defendant of rights secured to  the laws of the United States and the statutory and common law of the State of Maryland .  This action arises under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Sections 2000e et seq., ("Title VII"), this Court has supplemental jurisdiction over this matter pursuant to Md. State Government Code Ann. § 20 and Md. Code Ann., Cts. & Jud.  Proc. 6-102 and 6-103. 1.   This action gives rise to a cause of action under Title I of the Americans with Disabilities Act, as amended, 42 U.S.C.A §§ 12101 et seq. ("ADA"), the Fair Labor Standards Act C 201 et seq and the Maryland Wage Payment Law.

## II. PARTIES

2.      Plaintiff (hereinafter "Plaintiff" or "Mr. Banhi") is at all times material herein an African American female citizen of the United States and the District of Columbia.  At all times relevant herein Plaintiff has been employed by the Papa John's USA, Inc.,  ("Papa John")  and its subsidiary Colonial Limited, Inc.

3.      Defendant Papa John's USA, Inc., is a Kentucky Corporation that conducts business in the State of Maryland.   On information and belief, Defendant Papa Johns has numerous establishments across the United States and employs more than 15 people.

4.      Defendant Colonial Limited, Inc., (hereinafter "Colonial" is a Virginia Corporation who conducts business in Maryland pursuant to a partnership agreement with Defendant Papa Johns.

5.      Defendant, Victor Paz, (hereinafter "Defendant Paz" or Mr. Paz") at all times relevant herein is a Hispanic male and resides in the State of Maryland.  At all times relevant herein Mr. Paz was the Assistant Store Manager of Defendant Papa John's Millersville Store and had supervisory control over Plaintiff.   Defendant Paz is being sued in his individual capacity.

6.      Defendant, Ulises Visencio , (hereinafter "Defendant Visencio" or Mr. Visencio") at all times relevant herein is an Hispanic male and resides in the State of Maryland.  At all times relevant herein, Defendant Visencio had supervisory control over the Plaintiff.  Defendant Visencio  is being sued in his individual capacity.

### III. JURISDICTION

6.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, 42 U.S.C. § 12117, and 29 U.S.C. § 1132€, all of which provide for original jurisdiction of plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

7.      The court has supplemental jurisdiction under 28 U.S.C. §1367 over plaintiff's claims under the statutory and common laws of the State of Maryland because plaintiff's claims are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy under article 3 of the U.S. Constitution.

8.      Venue is proper in this district under 28 U.S.C. §1391(a)(2), and §1391(b)(2) because Defendants are located in this district and the events or omissions giving rise to this claim occurred in this district.  Also, venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practices were committed in this district, the employment records relevant to the alleged unlawful employment practices are maintained and administered in this district, and Defendants Papa John and Colonial has offices in this district.

### V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.      Plaintiff timely filed charges of discrimination against Papa Johns and Colonial with the Equal Employment Opportunity Commission (EEOC).  Plaintiff files this complaint within (ninety) 90 days after receiving a notice of the right to sue from the EEOC.  (Attached hereto as "Exhibit A" and "Exhibit B") Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

## VI. FACTUAL ALLEGATIONS

10.     Plaintiff has been intermittently employed with the Defendants Papa John and Colonial since 1993.

11.     Plaintiff's most recent employment was from February 25, 2008, until his termination on February 1, 2009, wherein he worked as a part-time employee delivering pizza. Plaintiff pay rate was $6.15 per hour plus tips. During this period, Plaintiff was paid lower wages that similarly situated Hispanic employees and denied computer passwords which would have assisted him in performing his work in a more efficient manner.

12.     During his almost sixteen year tenure with Papa John's, Plaintiff work product was exemplary and without blemish, so much that after voluntarily tendering his resignation on numerous occasions, Defendant Papa John's continued to rehire the Plaintiff.

13.     On June 2008, without any basis in fact or law, Plaintiff's hourly rate was reduced by One Dollar ($1.00) to $5.15 per hour. During this time, Plaintiff had complained about unequal and discriminatory treatment amongst the Hispanic employees. It is of import to note that none of the Hispanic employees' salaries were reduced.

14.     On January 14, 2009, Plaintiff was not scheduled to work, but due to a request from a supervisor for help, Plaintiff being a dedicated member of the team came to work. Plaintiff was scheduled to end his work shift at approximately 5:00 p.m.

15.     Plaintiff noticed that he has not been released although it was twenty-five (25) minutes past his end time.

16.     Plaintiff brought to Defendant Paz's attention that it was past his ending time and he really needed to leave. Plaintiff informed Defendant Paz that the store was adequately staffed with four (4) drivers and a limited amount of deliveries. In response, Defendant Paz verbally accosted Plaintiff, yelling various expletives in front of customers and other employees.

4

17.     Moreover, after his barrage of expletives, Defendant Paz approached Plaintiff in a defensive posture wherein he physically assaulted Plaintiff by pushing him and placing his index finger in Plaintiff's face.

18.     Furthermore, Defendant Paz advised Plaintiff that if he left he would be terminated. Defendant Paz then began to verbally accost the Plaintiff again stating that he would "beat you up" and "fuck you up" and advising Plaintiff that Defendant Paz has served time in jail before and would not care if he had to go back. The assault on Plaintiff was unprovoked without any agitation from Plaintiff.

19.     After being assaulted Plaintiff voiced his dissatisfaction and dismay about being verbally and physically accosted by Defendant Paz. Plaintiff informed Defendant Paz that he had other plans and that he would be leaving. Plaintiff attempted to hand Defendant Paz his delivery cash as his policy at Papa John's and Defendant Paz refused to accept it.

20.     Plaintiff subsequently left the store wherein he ran into "Freddy", a driver who was scheduled for 5:00 p.m., but had not previously arrived timely. Plaintiff returned to the store and advised Defendant Paz that "Freddy" had arrived. Defendant Paz ran out of the store wherein he physically accosted Plaintiff for a second time with person and finger. Defendant Paz again stated that if Plaintiff did not leave he would "Beat the Hell out of Him".

21.     Plaintiff left the store and went to his doctor's office wherein he had been previously scheduled to get his eye glasses. Plaintiff was almost an hour late for his appointment.

22.     In addition to the aforementioned events, Defendant Paz had previously sent Plaintiff home although other employees were playing cards. Defendant Paz also on numerous occasions removed time from Plaintiff's pay for breaks that Plaintiff took. Defendant Paz did not remove time from other Hispanic employees who had previously taken breaks.

23.     Plaintiff reported the differential treatment he was receiving to Defendant Papa John's, its agents including Defendant Visencio, who took no action to remedy the harassment and discriminatory treatment Plaintiff was suffering at the hands of its employees and agents.

24.     Instead of proactively addressing the discriminatory and hostile treatment of Plaintiff, Papa John's and its agents continued their campaign of harassment against Plaintiff.

25.     Specifically, Defendant Visencio began withholding Plaintiffs paycheck or making unlawful deductions without any basis in fact or law. On October 28, 2008, Plaintiff spoke telephonically to Dave Parnigoni Vice President of Operations with Defendant Papa John's regarding the unlawful conduct of Defendant Visencio, Defendant Paz and other employees, including race discrimination. Instead of timely addressing the unlawful conduct as would be expected of any prudent superior, Mr. Parnigoni did not believe that Plaintiff complaints warranted an investigation and disregarding the letter.

26.     In addition to the aforementioned, Plaintiff complained that he was subjected to racial slurs by Papa John's agents specifically being called a "Nigger" and "Mother Fucker". Even after reporting the same to Papa John's personnel, no action was taken and the discrimination continued unchecked.

27.     On January 15, 2009, Plaintiff sent a notice again to the Area Manager with respect to the unlawful withholding of his monies or unlawful deductions from his pay and alerting Papa John's that he had continued to be subjected to harassment and retaliation for filing a Complaint regarding his unpaid wages. Papa John's and its continued to turn a blind eye to the escalating discriminatory actions taken against Plaintiff by its employees.

28.     On February 2, 2009, after being previously terminated because his glasses broke and he was unable to drive and then reinstated, being verbally and physically assaulted by agents of Papa John's,  having his wages withheld unlawfully or unlawful deductions being  taken from

his pay check, being treated differently because of his race, being prevented from obtaining a password given to Hispanic employees to assist with efficient administration of store productivity and the acquiescence of their agents behavior, Plaintiff constructively left his employ with Papa John's.  The total unlawfully withheld wages from February 1, 2008 through February 1, 2009, was $3200.00.

29.     On February 5, 2009, Plaintiff timely filed a charge with the Equal Employment Opportunity Commission (EEOC) of discrimination against the Defendant Papa John's and Colonial. On April 8, 2009, The EEOC accepted the charge of discrimination and conducted a thorough investigation.

30.     As a result of the thorough investigation conducted by the EEOC, they found that probable cause existed that Plaintiff was subjected to harassment, unequal terms and conditions of employment and constructive discharge because of his race and national origin and in retaliation for engaging in a protected activity in violation of Title VII.

**COUNT ONE**
**<u>DISPARATE TREATMENT ON THE BASIS OF RACE AND NATIONAL ORIGIN</u>**
**<u>IN VIOLATION OF TITLE VII</u>**
**(AGAINST PAPA JOHNS AND COLONIAL)**

31.     Plaintiff incorporates all paragraphs as though fully set forth herein and further alleges that at all times relevant hereto the Plaintiff suffered disparate treatment discrimination because of his Race and National Origin.

32.     Defendants intentionally, with malice and reckless indifference to federal, state, and local laws prohibiting race and national origin discrimination in employment, treated the Plaintiff adversely, while similarly situated Hispanic employees were treated more favorably in the terms and conditions of employment including promotion, training, work assignments, advancement opportunities, overtime pay, and other work benefits.

33.     The race and national origin discrimination suffered by the Plaintiff adversely affected the terms, conditions, and privileges of his employment.

34.     Defendants had actual and/or constructive knowledge about the race and national origin discrimination and disparate treatment and not only failed to take prompt and adequate remedial action, but acquiesced the race and national origin discriminatory conduct and disparate treatment of the Plaintiff by their non-action.

35.     As a direct and proximate result of this race and national origin discrimination and disparate treatment, the Plaintiff has suffered the loss of employment, promotion, loss of training, loss of employment opportunities, loss of income and benefits, and has suffered injury to his reputation, injury to his career, pain, mental anguish, and humiliation; and, faces irreparable harm and future losses.

**WHEREFORE,** the Plaintiff requests that this Court enter judgment against the Defendants providing the following relief:

a. Back pay, front pay, and lost benefits;

b. Compensatory damages;

c. Prejudgment interest;

d. Reasonable attorney's fees and costs;

e. Punitive damages for defendants' outrageous and reprehensible conduct;

f. Sanitize his personnel records and other records about him to eliminate the improperly imposed discipline;

g. Such other legal and equitable relief as may be just and proper under the circumstances.

**COUNT TWO**
**DISPARATE IMPACT IN VIOLATION OF TITLE VII**
**(AGAINST PAPA JOHNS AND COLONIAL)**

36.     Plaintiff incorporates all paragraphs as though fully set forth herein and further alleges that at all times relevant hereto the Plaintiff suffered disparate impact discrimination because of his race and national origin.

37.     Defendants used the following discriminatory employment practices in violation of Title VII: unlawfully withholding wages or making unauthorized deductions, lowered Plaintiff's wages without any basis in fact or law and work assignments.  Although these practices appear to be neutral, they serve to discriminate against a disproportionate number of persons of Plaintiff's race and national origin.

38.     Defendants also use the absence of appropriate personnel and administrative policies and procedures to justify the discriminatory actions taken against Plaintiff.   These practices serve to disparately impact Plaintiff and other African American employees in violation of Title VII.

**WHEREFORE,** the Plaintiff requests that this Court enter judgment against the Defendants providing the following relief:

a. Back pay, front pay, and lost benefits;

b. Compensatory damages;

c. Prejudgment interest;

d. Reasonable attorney's fees and costs;

e. Punitive damages for defendants' outrageous and reprehensible conduct;

f. Sanitize his personnel records and other records about him to eliminate the improperly imposed discipline;

g. Such other legal and equitable relief as may be just and proper under the circumstances.


**COUNT THREE**
**RETALIATION IN VIOLATION OF TITLE VII**

**(AGAINST PAPA JOHN AND COLONIAL**)

40.     Plaintiff incorporates all paragraphs as though fully set forth herein and further alleges that at all times relevant hereto the Plaintiff was retaliated against in violation of the provisions of Title VII for engaging in the protected activity of reporting discriminatory conduct and participating in the investigation of the internal EEO Complaint process.

41.     Defendants  intentionally, with malice and reckless indifference to federal, state, and local laws prohibiting retaliation against employees who complain against  discrimination in employment, retaliated against the Plaintiff for filing internal EEO/EEOC complaints and for pursuing race and national origin discrimination and retaliation claims against Defendants.

42.     The retaliatory conduct the Plaintiff was subjected to, detailed in the foregoing paragraphs, constituted adverse employment actions, against Plaintiff, and was causally linked to Plaintiff filing and participating in the EEOC investigation and pursuing race and national origin discrimination and retaliation complaints against Defendants.

43.     The retaliatory actions taken against the Plaintiff constituted adverse employment actions and altered the terms, conditions and privilege of his employment with  Defendants *inter alia*, the following manner:

a.      Unlawful withholding of wages and/or unauthorized deductions from pay;

b.      Racial slurs;

c.      Loss of pay;

d.      Constant verbal abuse, insults, personal attacks, and public embarrassment;

e.      Physical and verbal assaults;

f.      Loss of employment.

44.     Defendants were fully aware of the retaliatory acts taken against the Plaintiff detailed in the foregoing paragraphs, and were deliberately indifferent by disregarding the known

or obvious conduct toward the Plaintiff, and actually participated in the retaliation against the Plaintiff.

**WHEREFORE,** the Plaintiff requests that this Court enter judgment against the Defendants providing the following relief:

a. Back pay, front pay, and lost benefits;

b. Compensatory damages;

c. Prejudgment interest;

d. Reasonable attorney's fees and costs;

e. Punitive damages for defendants' outrageous and reprehensible conduct;

f. Sanitize his personnel records and other records about him to eliminate the improperly imposed discipline;

g. Such other legal and equitable relief as may be just and proper under the circumstances.

### COUNT FOUR
### RETALIATION IN VIOLATION OF MD. STATE
### GOVERNMENT CODE ANN. § 20-606
### (ALL DEFENDANT'S)

45.     Plaintiff incorporates all paragraphs as though fully set forth herein and further alleges that at all times relevant hereto the Plaintiff suffered retaliation in violation of the provisions of Md. State Government Code Ann. § 20-606.

46.     Defendants directly and/or by and through its employees intentionally, with malice and reckless indifference to its obligations under federal, state and local laws, retaliated against the Plaintiff for engaging in protected activity.

47.     The retaliatory conduct the Plaintiff was subjected to constitute an adverse employment action because the terms and conditions of Plaintiff's employment were adversely affected by Defendants.

48.     The decision to constructively terminate Plaintiff and withhold his wages was causally linked to Plaintiff engaging in protected activity because Plaintiff complained that Hispanic employees were being treated more favorably than him.

49.     The retaliatory actions taken against the Plaintiff constituted adverse employment actions and altered the terms, conditions and privileges of Plaintiff's employment with the Defendant's.

50.     Defendants are fully aware of the retaliation against the Plaintiff detailed herein, and in fact, Defendants have participated in the retaliatory action.

51.     Defendants could have and should have taken steps that would have prevented the deprivation of the Plaintiff's rights caused by the retaliations.

52.     As a direct and proximate result of these retaliatory actions, the Plaintiff has suffered irreparable injuries, including but not limited to loss of employment, loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

**WHEREFORE,** the Plaintiff requests that this Court enter judgment against the Defendants providing the following relief:

a. Compensatory damages of $2,000,000.00 (Two Million Dollars);

b. Reasonable attorney's fees and costs;

c. Punitive damages for defendants' outrageous and reprehensible conduct in the amount of $10,000,000.00 (Ten Million Dollars);

d. Such other legal and equitable relief as may be just and proper under the circumstances.

**COUNT FIVE**
**HOSTILE WORK ENVIRONMENT BASED ON RACE IN**
**VIOLATION OF TITLE VII**
(AGAINST PAPA JOHNS AND COLONIAL)

53.     Plaintiff incorporates all paragraphs as though fully set forth herein and further alleges that at all times relevant hereto the Defendants created a hostile and offensive environment based on race and national origin.

54. The Defendants and its agent's harassment were unwelcomed.

55. The Defendants and its harassment of Plaintiff were because of his race in violation of Title VII.

56. The harassment as described in the aforementioned paragraphs was severe and pervasive.

57. Plaintiff was subjected to being called a "Nigger" and "Mother Fucker" on a frequent basis by Hispanic employees.

58.     Moreover, Plaintiff was subjected to physical and verbal assaults by his superiors based on his race and national origin.

59.     The racially motivated hostile environment adversely effected Plaintiff's employment with Defendants.

60. Defendants had actual and/or constructive knowledge about the racially hostile work environment and not only failed to take prompt and adequate remedial action, but instead, participated in the racially hostile environment.

61. As a direct and proximate result of this racially motivated hostile environment. Plaintiff has suffered the loss of his employment, has suffered injury to his reputation, injury to his career, pain, mental anguish, and humiliation; and, faces irreparable harm and future losses.

**WHEREFORE,** the Plaintiff requests that this Court enter judgment against the Defendants providing the following relief:

a. Back pay, front pay, and lost benefits;

b. Compensatory damages;

c. Prejudgment interest;

d. Reasonable attorney's fees and costs;

e. Punitive damages for defendants' outrageous and reprehensible conduct;

f. Sanitize his personnel records and other records about him to eliminate the improperly imposed discipline;

g. Such other legal and equitable relief.

**COUNT SIX**
**<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>**
**(AGAINST DEFENDANTS)**

62. Plaintiff  individually re-alleges and incorporates by reference paragraphs one 1 through 61 into this count as though fully set forth herein, and further alleges that at all times relevant hereto Plaintiff suffered severe mental and emotional distress.

63. Defendants' actions described herein were intentional and inflicted upon Plaintiff severe mental and emotional distress.

64. As a result of Defendants' actions, Plaintiff  has suffered irreparable injuries, including but not limited to  loss of employment, loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

**WHEREFORE,** Plaintiff prays judgment individually and severally against each Defendant in the amount of $5,000,000.00 (Five Million Dollars), and $20,000,000.00 (Twenty Million Dollars) in punitive damages, plus reasonable attorney's fees and cost.

**COUNT SEVEN**
**<u>CONSTRUCTIVE TERMINATION</u>**
**(All Defendants)**

65.    Plaintiff incorporates all prior counts and paragraphs as if fully written herein.

66.     Defendants were aware of the racially motivated hostile work environment, loss of pay and assaults inflicted on Plaintiff.

67.     Defendants had actual and/or constructive knowledge about the racially hostile work environment, loss of pay and assaults and not only failed to take prompt and adequate remedial action, but instead, participated.

68.     The treatment of Plaintiff was done with malice and reckless disregard of fundamental decency with the intention of causing Plaintiff's termination of his employment with his employer.

69.     The conduct of Defendants was intentional, willful, and calculated to cause damage to the plaintiff's lawful employment with his employer.   Their conduct was perpetrated with the intentional and improper purpose of causing damage to Plaintiff and was without justifiable cause.

70.     As a result of the conduct of Defendants plaintiff suffered loss of employment, loss of pay, loss of wages, severe emotional trauma including anxiety, depression, financial losses and fringe benefits.

71.     As a result of defendants' conduct and actions Plaintiff has suffered and will continue to suffer loss of employment, lost wages and other consequential damages and harm to his reputation.

**WHEREFORE,** Plaintiff prays judgment individually and severally against each Defendant in the amount of $5,000,000.00 (Five Million Dollars), and $20,000,000.00 (Twenty Million Dollars) in punitive damages, plus reasonable attorney's fees and cost.


**COUNT EIGHT**
**NEGLIGENT HIRING AND RETENTION**
**(PAPA JOHNS AND COLONIAL)**

72.     Plaintiff incorporates all proceeding and following paragraphs hereto and as though fully set forth herein.

73.     An employer has an obligation to its employees and others who will come in contact with them to provide a safe and productive working environment.

74.     On or around October 2008, Defendants were placed on notice regarding the deprivation of Plaintiff's rights by its employees and agents.

75.     Plaintiff alleges and therefore avers that Defendants have  policies (or lack thereof), practices and customs to: a) engage in employment discrimination, because of race, national origin and disability; b) retaliate against employees, including the Plaintiff, when the employee engaged in Title V11 protected conduct, such as opposing illegal employment discrimination, and filing a charge of employment discrimination; c) acquiesces to command and supervisory personnel's conduct, such as but not limited to Defendants Paz & Visencio and its Hispanic employees , that aids and abets the Employers aforementioned policy, practice and customs to engage in employment discrimination and retaliation.

76.     Defendants had a duty to use reasonable care in selecting and retaining employees who were competent and fit to perform the duties of a Store Manager and Assistant Store Manager.

77.     Defendants had actual knowledge of Defendant's Paz's propensity for violence and to discriminate against similarly situated employees and ignored facts so indicating.

78.     Defendants had actual knowledge of Defendant's Visencio propensity to discriminate against similarly situated employees.

79.     A reasonable and prudent employer would not have ignored such indications of Defendant's Visencio and Paz's unfitness for such duties.

80.     Defendants knew or should have known that Defendant's Visencio and Paz's would use discriminatory means against the Plaintiff and similarly situated employees.

81.     Plaintiff was in a protected class and it would be foreseeable based on the conduct described above that such actions would occur against the Plaintiff and similarly situated employees.

82.     Therefore, Defendants owed such a duty to Plaintiff, and such duty was breached.

83.     As a result of Defendants negligent hiring and retaining Defendant's Visencio and Paz's in their respective positions, Plaintiff suffered injuries as alleged.

**WHEREFORE,** Plaintiff prays judgment individually and severally against each Defendant in the amount of $5,000,000.00 (Five Million Dollars), and $20,000,000.00 (Twenty Million Dollars) in punitive damages, plus reasonable attorney's fees and cost.

## COUNT NINE
## DISPARATE IMPACT IN VIOLATION OF MD. STATE GOVERNMENT CODE ANN. § 20-606)
### (Against All Defendants')

84.     Plaintiff incorporates all paragraphs as though fully set forth herein and further alleges that at all times relevant hereto the Plaintiff suffered disparate impact discrimination because of his race, color and national origin.

85.     Defendants' used the following discriminatory employment practices in violation of Md. State Government Code Ann. § 20-606: disciplinary policies and practices, unauthorized deductions from pay check, withholding wages, performance review and evaluation policies and practices, work schedules and assignments policies and practices. Although these practices appear to be neutral, they serve to discriminate against a disproportionate number of black employees or employees of African national origin

86.     As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff has suffered irreparable injuries, including but not limited to loss of employment, loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

**WHEREFORE,** Plaintiff prays judgment individually and severally against each Defendant in the amount of $5,000,000.00 (Five Million Dollars), and $20,000,000.00 (Twenty Million Dollars) in punitive damages, plus reasonable attorney's fees and cost.

**COUNT TEN**
**VIOLATION OF 42 U.S.C. § 1985**
**(AGAINST DEFENDANTS)**

87.     Plaintiff incorporates all paragraphs hereto, as though fully set forth herein, and further alleges that at all times relevant hereto Defendants conspired for the purposes of depriving Plaintiff of the equal protection of the laws in violation of 42 U.S.C. § 1985.

88.     Defendants have conspired for the purpose of depriving plaintiff of the equal protection of the laws and of equal privileges and immunities under the laws by denying plaintiff his wages, making authorized deductions from Plaintiff's pay check, denying Plaintiff access to its computer system although Hispanic employees were given access to it, denying Plaintiff opportunities and subjecting Plaintiff to verbal and physical assaults.

89.     Defendants' conduct in this regard was motivated impermissibly by Plaintiff's race and national origin, by personal malice against the plaintiff.

90.     In furtherance of the object of this conspiracy to deprive Plaintiff of the equal protection of the laws and her equal privileges and immunities under the laws, the defendants have done or caused to be done the acts set forth in this complaint which resulted in Plaintiff losing his

employment, being assaulted, being subjected to racial slurs and comments, loss of wages and pay and denial of remedial rights.

91.     Plaintiff has been injured in his person and property and deprived of exercising her rights and privileges as a citizen by virtue of the conduct of the conspiring defendants.  Plaintiff allegations as to damages the foregoing paragraphs are incorporated herein by reference.

**WHEREFORE,** the Plaintiff requests that this Court enter judgment against the Defendants providing the following relief:

a. Back pay, front pay, and lost benefits;

b. Compensatory damages;

c. Prejudgment interest;

d. Reasonable attorney's fees and costs;

e. Punitive damages for defendants' outrageous and reprehensible conduct;

f. Sanitize his personnel records and other records about him to eliminate the improperly imposed discipline;

g. Such other legal and equitable relief.

## COUNT ELEVEN
## VIOLATION OF 42 U.S.C. § 1986
## (AGAINST DEFENDANTS)

92.     Plaintiff incorporates all paragraphs hereto, as though fully set forth herein, and further alleges that at all times relevant hereto Defendants failed or neglected to prevent conspiracy to deprive Plaintiff of the equal protection of the laws in violation of 42 U.S.C. § 1986.

93.     Defendants had knowledge at all material times that the wrongs conspired to be done as alleged in the first through tenth claims for relief were about to be or were in the process of being committed during the period from early 2008 through the date of this complaint. Defendants have the power to prevent or aid in preventing the commission of these wrongs; yet,

they have neglected and refused to do so.  Defendants could have by reasonable diligence prevented the wrongs alleged in paragraphs one through ninety-one by disciplining and/ or terminating Defendant Paz for his verbal and physical assault of Plaintiff, pay Plaintiff's his unpaid wages, restore Plaintiffs pay, provided Plaintiff with a password to its computer system that was already provided to Hispanic employees, or by granting Plaintiff some other effective remedy to redress the deprivation of his rights.

94.    Plaintiff has been damaged in the manner set forth in paragraphs one through ninety -one of this complaint which is incorporated herein by reference and is entitled, by virtue of 42 U.S.C. § 1986, to recover from Defendants (and any other defendant whom plaintiff learns has neglected or refused to prevent the wrongful acts alleged) all damages resulting from such wrongful neglect or refusal.

**WHEREFORE,** the Plaintiff requests that this Court enter judgment against the Defendants providing the following relief:

a. Back pay, front pay, and lost benefits;

b. Compensatory damages;

c. Prejudgment interest;

d. Reasonable attorney's fees and costs;

e. Punitive damages for defendants' outrageous and reprehensible conduct;

f. Sanitize his personnel records and other records about him to eliminate the improperly imposed discipline;

g. Such other legal and equitable relief.

### COUNT TWELVE
### <u>VIOLATIONS OF THE FAIR LABOR STANDARD ACTS (FLSA)-UNPAID WAGES</u>
### (PAPA JOHNS AND COLONIAL)

95.     Plaintiff re-alleges paragraphs 1- 94 of the Complaint, and incorporates herein the allegations of facts and circumstances in those paragraphs.

96.     By failing to pay Plaintiff his wages for work performed Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 206.

97.     Defendants' violation of the Fair Labor Standards Act was willful.

**WHEREFORE**, Plaintiffs request judgment against Defendants, jointly and severally, for:

(1) Minimum wages in the amount of the underpayments described above, or in the amount determined from Defendants' records or at trial;

(2) Additional amounts of liquidated damages equal to the back pay amounts described above or determined at trial, as authorized by 29 U.S.C. § 216(b);

(3) Plaintiffs' reasonable attorney fees and costs or this action, as authorized by 29 U.S.C. § 216(b); and

(4) Such other further relief as the Court may deem appropriate.

**COUNT THIRTEEN**
**VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW**
**UNPAID WAGES AND DEDUCTIONS**
**(PAPA JOHNS AND COLONIAL)**

98. Plaintiff re-alleges paragraphs 1- 97 of the Complaint, and incorporates herein the allegations of facts and circumstances in those paragraphs

99. The unpaid wages were unlawfully withheld within the meaning of the Maryland Wage Payment and Collection Law, Md. Code, Labor and Employment Article, § 3- 501.

100. By failing to pay the Plaintiff the wages described in paragraphs 1-91 within the required time following the termination of their employment and making unauthorized deductions from their wages, Defendants violated the Maryland Wage Payment and Collection Law, Md. Code, Labor and Employment Article, § 3-501 *et seq.*

101. Defendant's violation of the Maryland Wage Payment and Collection Law "was not a result of a bona fide dispute" under the Maryland statute.

**WHEREFORE**, Plaintiffs request judgment against Defendants jointly and severally, for:

(1) Unpaid wages in the amount of the underpayments described above, or in the amount determined from Defendants' records or at trial;

(2) Three (3) times the unpaid wages described in the preceding subsection; as authorized by Md. Code, Labor and Employment Article, § 3-507.1(b).

(3) Plaintiff's reasonable attorney fees and costs of this action, as authorized by Md. Code, Labor and Employment Article, § 3-507.1(b).

(4) Such other and further relief the Court may deem appropriate.

## COUNT FOURTEEN
### DISPARATE TREATMENT – RACE DISCRIMINATION
### IN VIOLATION OF MD. STATE GOVERNMENT CODE ANN. § 20-606
### (ALL DEFENDANTS)

102.    Plaintiff incorporates all paragraphs hereto, as though fully set forth herein and further alleges that at all times relevant hereto the Plaintiff suffered race discrimination.

103.    The Defendants intentionally, with malice and reckless indifference to federal, state, and local laws prohibiting race discrimination in employment, directly discriminated against Plaintiff as described in foregoing paragraphs.

104.    The racially motivated discriminatory action suffered by the Plaintiff adversely affected the terms, conditions, and privileges of Plaintiff's employment.

105.    Defendants had actual and/or constructive knowledge about the race discrimination and disparate treatment and not only failed to take prompt and adequate remedial action, but also instead, participated in the race discriminatory conduct and disparate treatment of the Plaintiff.

106.    As a direct and proximate result of this race discrimination and disparate treatment, the Plaintiff has suffered the loss of employment, loss of income, has suffered injury to her reputation, pain, mental anguish, and humiliation; and, faces irreparable harm and future losses.

a. Back pay, front pay, and lost benefits;

b. Compensatory damages;

c. Prejudgment interest;

d. Reasonable attorney's fees and costs;

e. Punitive damages for defendants' outrageous and reprehensible conduct;

f. Sanitize his personnel records and other records about him to eliminate the improperly imposed discipline;

g. Such other legal and equitable relief

## COUNT FIFTEEN
## DISPARATE TREATMENT – DISABILITY
## IN VIOLATION OF MD. STATE GOVERNMENT CODE ANN. § 20-606
### (ALL DEFENDANTS)

107.    Plaintiff incorporates each and every fact stated in this complaint as though fully set forth herein.

108.    Plaintiff sues each Defendant named herein jointly and severally, in their official and individual capacity for the reasons stated in this count.

109.    Plaintiff is a member of a protected class in that he is African American and has a disability.

110.    Plaintiff was discriminated based on his disability and race. At all relevant times, Plaintiff is a disabled person as intended by the Md. Ann. Code, State Gov't, §§ 20-601 et seq , in that Plaintiff has a physical impairment that substantially limits one or more of Plaintiff's major life activities, including driving, reading and other day to day activities.   Defendants' also regards

Plaintiff as having such an impairment, as set forth under Md. Ann. Code, State Gov't, §§ 20-601 et seq.

111.    Plaintiff is otherwise qualified to perform the essential functions of Delivery Driver, with or without reasonable accommodations by the Defendants.

112.    Plaintiff's medical doctor prescribed eye glasses to Plaintiff to assist him with driving.

113.    On or around December 2008, Plaintiff's eye glasses were damaged and he was not able to see. Plaintiff requested an accommodation from Defendant Paz who subsequently terminated Plaintiff's employment. Specifically, Plaintiff informed Defendant Paz that he could not drive without the glasses although Defendant Paz has been made aware of this fact before.

114.    Defendant Paz became belligerent using expletives and terminated Plaintiff's employment immediately.

115.    Plaintiff was out of work for over one (1) week prior to being reinstated by Defendant's Paz's superior. Plaintiff lost one week's pay.

116.    Defendant's knowingly, intentionally, recklessly and/or negligently discriminated against the Plaintiff because of his disability and/or handicap.  In that, the defendants failed to provide reasonable accommodation to qualified person suffering a disability that affects one or more of life's major actualities who are capable of performing the duties and/or work for them with or without reasonable accommodations, when such reasonable accommodations will not provide a financial hardship on the Defendants'.

117.    As a direct and the proximate result of the Defendants' acts and/or omissions the Plaintiff sustained economic injuries, humiliation, embarrassment, unnecessary pain, and a loss of employment for which the Defendant has not but is required by law to provide a remedy.

118.    Defendants' discriminated against Plaintiff in violation of Md. Ann. Code, State Gov't, §§ 20-601 et seq.

119.    The Defendants' discrimination of Plaintiff exacerbated his medical conditions. In addition, the Defendants' discriminatory treatment of Plaintiff has caused him physical and emotional pain, mental anguish, humiliation and embarrassment, damage to official reputation and development, and loss of income and other benefits.

WHEREFORE, the Plaintiff requests that this Court enter judgment against the Defendants for Three Million Dollars  ($3,000,000.00) or less and such other legal and equitable relief as may be just and proper under the circumstances..

**COUNT SIXTEEN**
**DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**(PAPA JOHNS AND COLONIAL)**

120.    Plaintiff incorporates each and every fact stated in this complaint as though fully set forth herein.

121.    Plaintiff sues each Defendant named herein jointly and severally, in their official capacity for the reasons stated in this count.

122.    At all relevant times, Plaintiff is a disabled person as intended by the ADA, in that Plaintiff has a physical impairment that substantially limits one or more of Plaintiff's major life activities, including driving, reading and other day to day activities. Defendant also regards Plaintiff as having such an impairment, as set forth under 42 U.S.C. § 12102(2) (A), (C).

123.    Plaintiff is otherwise qualified to perform the essential functions of Delivery Driver, with or without reasonable accommodations by the Defendants.

124.    Plaintiff's medical doctor prescribed eye glasses to Plaintiff to assist him with driving.

125.   On or around December 2008, Plaintiff's eye glasses were damaged and he was not able to see. Plaintiff requested an accommodation from Defendant Paz who subsequently terminated Plaintiff's employment. Specifically, Plaintiff informed Defendant Paz that he could not drive without the glasses although Defendant Paz has been made aware of this fact before.

126.   Defendant Paz became belligerent using expletives and terminated Plaintiff's employment immediately.

127.   Plaintiff was out of work for over one (1) week prior to being reinstated by Defendant's Paz's superior. Plaintiff lost one week's pay.

128.   Defendant's knowingly, intentionally, recklessly and/or negligently discriminated against the Plaintiff because of his disability and/or handicap.  In that, the defendants failed to provide reasonable accommodation to qualified person suffering a disability that affects one or more of life's major actualities who are capable of performing the duties and/or work for them with or without reasonable accommodations, when such reasonable accommodations will not provide a financial hardship on the Defendants'.

129.   As a direct and the proximate result of the Defendants' acts and/or omissions the Plaintiff sustained economic injuries, humiliation, embarrassment, unnecessary pain, and a loss of employment for which the Defendant has not but is required by law to provide a remedy.

130.   Defendants' discriminated against Plaintiff in violation of the ADA.

131.   The Defendants' discrimination of Plaintiff exacerbated his medical conditions. In addition, the Defendants' discriminatory treatment of Plaintiff has caused him physical and emotional pain, mental anguish, humiliation and embarrassment, damage to official reputation and development, and loss of income and other benefits.

**WHEREFORE**, the Plaintiff requests that this Court enter judgment against the Defendants providing the following relief:

a. Back pay, front pay, and lost benefits;

b. Compensatory damages;

c. Prejudgment interest;

d. Reasonable attorney's fees and costs;

e. Sanitize his personnel records and other records about him to eliminate the improperly imposed discipline;

f. Such other legal and equitable relief as may be just and proper under the circumstances.

## COUNT SEVENTEEN
## RESPONDEAT SUPERIOR
## (PAPA JOHNS AND COLONIAL)

132.    Plaintiff incorporates each and every fact stated in this complaint as though fully set forth herein.

133.    Plaintiff sues each Defendant named herein jointly and severally, in their official and individual capacity for the reasons stated in this count.

134.    Defendant's Visencio and Paz at all relevant times were employees of the Defendants Papa John's and Colonial.

135.    The acts stated against this complaint were committed within the scope of their employment and committed while on duty and in furtherance of Papa John's and Colonial.

136.    Papa John's and Colonial are responsible for all of the acts committed by the said defendants that were committed within the scope of their employment.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages in the amount of Two Million Dollars ($2,000,000.00), with interests and costs.

## COUNT EIGHTEEN
## <u>ASSAULT AND BATTERY</u>
## (DEFENDANT PAZ)

137.   Plaintiff hereby incorporates the foregoing paragraphs for reference and if herein restated.

138.   Defendant Paz pushed Plaintiff on at least two (2) occasions and poked Plaintiff in the face with his index finger.

139.   The defendant's actions toward the Plaintiff were offensive and harmful to the Plaintiff.

140.   Defendant Paz persistently threatened to "Fuck Plaintiff Up" and "Beat his Ass". The defendant, based on his purported criminal record, possessed the ability to carry out the threat on the Plaintiff and the Plaintiff believed so.

141.    The action of the Defendant raised in the plaintiff's mind an apprehension of imminent bodily harm.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages in the amount of Two Million Dollars ($2,000,000.00) and punitive damages of Ten Million Dollars ($10, 000, 000.00) with interests and costs.

### ATTORNEY FEES

142.   Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k) and pursuant to other statutes under which this suit is brought.

Respectfully Submitted,

LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC

/s/ Jessie Lyons Crawford
_____
Jessie Lyons Crawford, Esq.
Bar No.: 25247
2601 Maryland Avenue
Baltimore, Maryland 21218

(410) 662-1230, Office
(410) 662-1238, Facsimile
attorneyjlcrawford@verizon.net

COUNSEL TO PLAINTIFF

## JURY TRIAL PRAYER

Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

/s/ Jessie Lyons Crawford

_____

Jessie Lyons Crawford, Esq.